IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ALSTON, | : | CIVIL ACTION NO._____ |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| UFCW LOCAL 1776, | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

_____

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Tracy Alston ("Alston"), a former employee of Defendant UFCW Local 1776, who has been harmed by the Defendant's illegal discriminatory actions, resulting in the termination of her employment.

2.    This action arises under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

**II.    JURISDICTION:**

3.    The original jurisdiction of this Court is invoked, and the venue is proper in this judicial district, pursuant to Title 28 U.S.C. §1331 and §1391, and the claim is substantively based on the ADA.

4.    The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff Alston's claim arising under the PHRA.

5.    All conditions precedent to the institution of this suit have been fulfilled.  On May 8, 2006, a Notice of Right to Sue was issued by the United States Equal Employment

Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Alston has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.   PARTIES**:

7. Plaintiff, Tracy Alston ("Alston"), is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 8021 Rugby Drive, Philadelphia, Pennsylvania 19150.

8. Defendant, UFCW Local 1776, affiliated with the United Food and Commercial Workers International Union, is a labor organization doing business in the Commonwealth of Pennsylvania, with its principal place of business located at 3031 A. Walton Road, Suite 201, Plymouth Meeting, Pennsylvania 19462.

9. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of their employment and under the direct control of the Defendant.

**IV.   STATEMENT OF CLAIMS**:

10. Plaintiff Alston was employed by the Defendant as an Administrative Assistant from on or about August 30, 1993 until on or about April 10, 2003, the date of her unlawful termination.

11. At all times relevant hereto, Plaintiff Alston maintained a satisfactory job performance rating in that capacity.

12.     Plaintiff Alston suffers from a Urological Condition.  As a result of said medical condition, Plaintiff Alston is substantially impaired in one or more major life activities and is disabled within the meaning of the ADA and PHRA.

13.     At all times relevant hereto, the Defendant was aware of Plaintiff Alston's disability and perceived Plaintiff Alston as disabled.

14.     As a result of said medical condition, Plaintiff Alston commenced a medical leave of absence from work on or about January 10, 2003 until April 10, 2003.  During this time, Plaintiff Alston underwent surgery and provided Marie Giorgio ("Giorgio"), Administrative Coordinator, with a physician's note stating that she was unable to work during that time.

15.     On or about February 10, 2003, Plaintiff Alston's physician informed her that she had not yet completely healed and that she should not report to work until on or about March 31, 2003.  Plaintiff Alston's physician wrote a letter to Giorgio stating the same.

16.     Thereafter, on or about February 24, 2003, Plaintiff Alston received a letter from Giorgio requesting that she sign medical release forms.  Plaintiff Alston signed said release forms and returned them to the Defendant.

17.     Upon Plaintiff Alston's return to work on or about March 27, 2003, Defendant suspended Plaintiff Alston for allegedly being absent from work without "certified leave" despite the fact that Plaintiff Alston had provided Defendant with medical documentation and medical release forms in support of her medical leave of absence.

18.     On or about March 31, 2003, Plaintiff Alston returned to work following said suspension, but was immediately sent home by Giorgio.  Moreover, Giorgio refused to show

Plaintiff Alston the documents supplied by her physician and refused to inform Plaintiff Alston of the steps she had to take in order to return to work.

19. Thereafter, on or about April 3, 2003, Plaintiff Alston presented the Defendant with another note from her physician indicating that she suffered from a Urologic Condition and that she was able to return to work with no restrictions.

20. Subsequently, on or about April 10, 2003, Defendant abruptly terminated Plaintiff Alston's position of employment.

21. Plaintiff Alston believes and avers that there was no legitimate business reason for her termination and that it was solely a result of her disability (Urologic Condition) and/or a perception that she was disabled.

## COUNT I
### (ADA- Disability Discrimination)
### Plaintiff Alston v. the Defendant

22. Plaintiff Alston hereby incorporates by reference paragraphs 1 through 21 inclusive contained in the foregoing Complaint as though fully set forth herein.

23. Plaintiff Alston believes and avers that she was subjected to discrimination because of her disability and/or a perception that she was disabled, ultimately resulting in the termination of her employment, in violation of the ADA, Title 42 U.S.C. §12101, et seq.

24. As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of the ADA, Plaintiff Alston has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA- Disability Discrimination)
## Plaintiff Alston v. the Defendant

25.     Plaintiff Alston hereby incorporates by reference paragraphs 1 through 24 inclusive contained in the foregoing Complaint as though fully set forth herein.

26.     Plaintiff Alston believes and avers that she was subjected to discrimination because of her disability and/or a perception that she was disabled, ultimately resulting in the termination of her employment, in violation of the PHRA.

27.      As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of the PHRA, Plaintiff Alston has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

28.     Plaintiff Alston hereby incorporates by reference paragraphs 1 through 27 inclusive contained in the foregoing Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Alston requests that this Court to enter judgment in her favor and against Defendant and order that:

a.     Defendant compensate Plaintiff Alston with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination;

b.     Defendant compensate Plaintiff Alston with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff Alston compensatory damages for future pecuniary

losses, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d.    Defendant pay to Plaintiff Alston punitive damages (under the ADA), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    e.    the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Alston demands a trial by jury.

                **SIDNEY L. GOLD & ASSOCIATES, P.C.**

            By:  /s/Sidney L. Gold, Esquire - SG1387
                SIDNEY L. GOLD, ESQUIRE
                I.D. NO: 21374
                TRACI M. GREENBERG, ESQUIRE
                I.D. NO: 86396
                KERRY A. MALLOY, ESQUIRE
                I.D. NO: 201412
                1835 Market Street, Suite 515
                Philadelphia, PA 19103
                (215) 569-1999
                **Attorneys for Plaintiff**

Dated: June 16, 2006